IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IVAN ARMIJO,
*Personal Representative of*
*Edwin Armijo, deceased*,

    Plaintiff,

v.                                                                                                                                     Civ. No 20-355 GBW/SMV

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SOCORRO,
MICKAELA PARGAS, and TOMMY DIAZ,

    Defendants.

## ORDER GRANTING PLAINTIFF'S REQUEST FOR TIME FOR DISCOVERY PURSUANT TO RULE 56(D)

THIS MATTER comes before the Court on Plaintiff's Request for Time for Discovery Pursuant to Rule 56(d) to Respond to Defendants' Motion for Summary Judgment (Doc. 5). *Doc. 16*. Plaintiff requests additional time in which to depose Ed Sweeney, former Administrator of the Socorro County Detention Center, and the parties to the Health Care Facilities Contract attached to Defendants' Motion for Summary Judgment. *Id.* at 10–11. Having considered Plaintiff's request, Defendant's response (*doc. 22*), and the relevant case law, the Court will GRANT Plaintiff's request for the reasons delineated below.

I.  **Relevant Background**

Plaintiff's currently operative First Amended Complaint[1] for Wrongful Death, filed in state court on April 13, 2020, brings state law claims under the New Mexico Tort Claims Act ("NMTCA"), NMSA § 41-4-1 *et seq.*, and federal law claims under 42 U.S.C. § 1983.  *Doc. 1-2* at 4–9.  The NMTCA confers tort immunity on government employees except under certain enumerated circumstances found in the Act.  *See* NMSA § 41-4-4(A).  Plaintiff's NMTCA claims rest specifically on the waivers enumerated in §§ 41-4-6, 41-4-9, and 41-4-10.  *See doc. 1-2* at 1.  Plaintiff alleges, broadly, that during his incarceration at the Socorro County Detention Center ("SCDC") he was inadequately supervised by Defendants, despite known suicidal tendencies, and as a result committed suicide in his cell.  *See generally id*.  His NMTCA claims are based on Defendants' alleged duty to safely maintain their facilities, to protect suicidal detainees by, *inter alia*, conducting suicide and mental health screenings, and to respond appropriately to special medical situations of those in custody.  *See id*. at 5–6.

On April 27, 2020, Defendants concurrently filed a Motion to Dismiss State Claims Arising out of Sections 41-4-6 and 41-4-10 (*doc. 4*) and a Motion for Summary Judgment for State Claims Arising out of Section 41-4-9 (*doc. 5*).  Germane to the present Rule 56(d) request, Defendants argue that the waiver provision of § 41-4-9 does not

---

[1] Because Plaintiff's Motion to Amend Complaint (*doc. 14*) is yet to be decided, the Court will not refer to his Proposed Second Amended Complaint for Wrongful Death, *see id*. at 5–14.

2

apply to them because they are not "healthcare providers" under the meaning of the statute. *See generally doc. 5.* In support of their position they attached Exhibits A–D, Plaintiff's after-visit summaries from Presbyterian Hospital and his EMS Service Reports (*doc. 5-1–4*); Exhibit E, a signed acknowledgment by Plaintiff that SCDC did not have a medical department or staff medical provider at the time of his incarceration (*doc. 5-5*); and Exhibit F, a Health Care Facilities Contract between Presbyterian Healthcare Services and the Board of County Commissioners of Socorro County (*doc. 5-6*).

In lieu of a substantive response to the Motion for Summary Judgment, Plaintiff filed his Request for Time for Discovery Pursuant to Rule 56(d) to Respond to Defendants' Motion for Summary Judgment (Doc. 5). *Doc. 16.* Plaintiff attached to his request a declaration by counsel as required by Fed. R. Civ. P. 56(d) (*id.* at 10–11) (Exhibit 2), and an SCDC Standard Operating Policy and Procedures Manual ("SOPP") dated June 2016 (*id*. at 6–9) (Exhibit 1). The SOPP states in relevant part:

> The facility maintains a licensed physician and/or other medical
> personnel, licensed in the State of New Mexico, to provide medical
> services to all inmates to ensure their physical health. These services
> include:
>     A. Non-emergency medical services,
>     B. Emergency medical services, and
>     C. Mental health services.

*Doc. 16* at 7. Plaintiff requests additional time for discovery in which to investigate the apparent discrepancy between the attached SOPP and SCDC's alleged policy of

providing no medical care to inmates. Specifically, Plaintiff seeks time to depose jail administrator Ed Sweeney, who "operated the jail and implemented the SOPPs at the time of Edwin Armijo's incarceration and death." *Id*. at 2. In addition, Plaintiff argues that the Health Care Facilities Contract provided by Defendants as their Exhibit F is not facially applicable to SCDC, and he therefore seeks further time to depose the two parties to the contract, County of Socorro and Presbyterian Healthcare Services. *Id*. at 3.

In their Response, Defendants explain that the SOPP attached as Plaintiff's Exhibit 1 was never actually adopted by the Socorro Board of County Commissioners and was not provided in discovery. *Doc. 22* at 2. They incorporate by reference Exhibits A and B of their Response in Opposition to Plaintiff's Motion to Amend the Complaint (Doc. 14) (*doc. 21*). Exhibit A is the affidavit of Delilah Walsh (former County Manager for the County of Socorro), which states that the SOPP dated June 2016 was accidentally provided to Plaintiff by former Detention Administrator Ed Sweeney in response to Plaintiff's Inspection of Public Records ("IPRA") request. *Doc. 21-1*. The SOPP had not been approved by the Board of County Commissioners, and "[w]hat should have been provided in response to Plaintiff's IPRA request were the SOPP[]s which were last revised in the year 2000." *Id*. at 2. The provision of the June 2016 SOPP to Plaintiff, in lieu of the 2000 SOPP, was "an oversight by Mr. Ed Sweeney and by [Ms. Walsh]." *Id*. Exhibit B is Ms. Walsh's September 17, 2019 deposition testimony on the same subject. *Doc. 21-2*. Defendants assert that both questions raised by Plaintiff in his Rule 56(d)

4

Request have been effectively answered by the provided affidavit and deposition testimony, and ask the Court to order a substantive response to their Motion for Summary Judgment. With no timely filed reply, Plaintiff's request for Rule 56(d) relief is now before the Court.

## II.     Legal Standard

The "general principle" of Rule 56(d) is that "summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). The party seeking additional time must "explain why facts precluding summary judgment cannot be presented." *Id.* (citation omitted). "This includes identifying (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (citations and internal quotation marks omitted). This last requirement is particularly essential, as Rule 56(d) "may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (quoting *Pasternak v. Lear Petroleum Exploration*, 790 F.2d 828, 833 (10th Cir.

1986)). "Unless dilatory or lacking in merit," however, motions under Rule 56(d) "should be liberally treated." *Id.* (citation omitted).

### III.    Analysis

NMSA § 41-4-9 provides that:

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of any hospital, infirmary, mental institution, clinic, dispensary, medical care home or like facilities.

Therefore, the operative question is whether SCDC was operating as a medical facility at the time of Mr. Armijo's death. Both parties evidently agree that, if SCDC did not provide medical services or staff medical employees when Mr. Armijo was incarcerated, the waiver contained in § 41-4-9 does not apply. Plaintiff seeks additional time to conduct depositions on two discrete issues: (1) whether the procedures outlined in the SOPP dated June 2016, which included medical services to inmates, were being applied at the time of Mr. Armijo's death, and (2) whether the Health Care Facilities Contract covered services by Presbyterian Hospital to SCDC inmates.

On the second issue, the Court finds that further time for discovery is not warranted, based on the affidavit of Ms. Walsh, who assisted in the procurement of medical services for the indigent population in the County and is familiar with the Health Care Facilities Contract. *Doc. 22-2* at 1. It is Ms. Walsh's sworn statement that the Contract "includes provision of medical services for the inmates at the Detention

6

Center." *Id*. at 2.  This evidence sufficiently supports Defendants' assertion that the Contract covers medical services to inmates at SCDC.  In the Court's view, no purpose would be served by granting Plaintiff additional time to depose the parties to the Contract.

On the first issue, however, the Court finds that further time for discovery is warranted.  Ed Sweeney, the former Detention Administrator at SCDC, provided the SOPP dated June 2016 in response to Plaintiff's IPRA request regarding the procedures in place at the time of Mr. Armijo's death.  Ms. Walsh explained in her deposition testimony that, in response to Plaintiff's IPRA request,

> I would have asked the detention administration, "what are you operating under, what is your official SOP," and this is what he sent me.  If that's what I provided.  I can't verify.  I'm assuming so . . . .

*Doc. 28* at 21, 16:24–17:3.  Mr. Sweeney has since retired, *id*. at 21, 17:10–11, and his testimony is not in the record before the Court.  It therefore appears that the true reason for Mr. Sweeney's provision of the unadopted SOPP in response to Plaintiff's request is unknown.  None of the exhibits attached by Defendants rule out the possibility that Mr. Sweeney, as Detention Administrator, was following the procedures outlined in the June 2016 SOPP.  With respect to Ms. Walsh's deposition testimony, as Plaintiff argued in his reply to his Motion to Amend:

> (1) County's designee testified that the SOPP (Ex. 2) was given to her by the Jail Administrator Ed Sweeney as the procedures under which he was operating the jail at the time of Edwin's death; (2) the date on the face of the SOPP (June 2016) is consistent with the designee's testimony of their

7

>   effective time frame; and (3) the SOPP was produced in response to a
>   lawful IPRA request.

*Id.* at 8–9.  The Court agrees that this argument has merit, and the inconsistency will be best resolved by testimony from Mr. Sweeney himself.

Plaintiff has satisfactorily explained, in his briefing and counsel's affidavit: (1) the nature of the probable facts not currently available—i.e., the reason that Mr. Sweeney provided Plaintiff with the unadopted copy of the SOPP in contradiction of Defendants' stated policy; (2) how the COVID-19 pandemic has delayed Mr. Sweeney's deposition; (3) the steps Plaintiff has taken to depose Mr. Sweeney; and (4) how additional time will enable Plaintiff to obtain the facts, by deposing Mr. Sweeney.  *See Valley Forge Ins. Co.*, 616 F.3d at 1096.  Despite Defendants' claims, moreover, Plaintiff has not been dilatory in pursuing discovery.  On the contrary, it appears he has been diligent in attempting to schedule the requested depositions prior to the termination— and, indeed, the existence—of any discovery-related deadline.  *Doc. 16* at 2.  *Cf. Jensen*, 998 F.2d at 1555 (plaintiffs were dilatory in filing a Rule 56(f)[2] motion after failing to depose any of the opposing party's key witnesses during the discovery period).  In addition, though not sufficient on its own to justify relief, "the movant's exclusive control of desired information is a factor favoring relief" under Rule 56(d).  *Price*, 232 F.3d at 784.  Plaintiff has no way of resolving the "direct inconsistency between

---

[2] At the time *Jensen* was decided, the provisions of Rule 56(d) were found under Rule 56(f).  The rule has otherwise undergone no substantial change.  *See Lopez v. Delta Int'l Mach. Corp.*, 312 F. Supp. 3d 1115, 1136 n.11 (D.N.M. 2018).

Defendants' claim that it does not provide medical services to its inmates, and its own SOPP which states that SCDC maintains licensed medical personnel," *doc. 16* at 4, without testimony from Mr. Sweeney. The record reflects that he has attempted to obtain this testimony, and that the cancellation of Mr. Sweeney's previously scheduled deposition is through no fault of his own.

Particularly given the current posture of the case, in which no discovery deadlines have been set and a Rule 16 scheduling conference has not yet been held, the Court finds it appropriate to grant additional time for taking discovery pursuant to Fed. R. Civ. P. 56(d)(2).

## IV.  Conclusion

For the foregoing reasons, Plaintiff's Request for Time for Discovery Pursuant to Rule 56(d) to Respond to Defendants' Motion for Summary Judgment (Doc. 5) (*doc. 16*) is hereby GRANTED. Plaintiff will have an additional **thirty (30) days** from the time of this Order in which to take Mr. Sweeney's deposition.[3]

Following Mr. Sweeney's deposition, Plaintiff will have **fourteen (14) days** in which to file a substantive response to Defendants' Motion for Summary Judgment (*doc. 5*).

---

[3] If the parties are unable to schedule Mr. Sweeney's deposition during this time, they may move the Court for an extension of this deadline.

Because Plaintiff's allegations of waivers of immunity under the NMTCA are most properly considered in tandem,[4] the Court will further DEFER ruling on Defendants' Motion to Dismiss (*doc. 4*) until Plaintiff's substantive response to the Motion for Summary Judgment (*doc. 5*) has been filed.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

---

[4] Defendants' Motion to Dismiss (*doc. 4*) seeks relief pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. If Plaintiff fails to establish waiver under some provisions of the NMTCA but succeeds under others, he will not have failed to state a claim under the NMTCA. Therefore, the Motion to Dismiss (*doc. 4*) cannot properly be considered independently of the concurrent Motion for Summary Judgment (*doc. 5*).